# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT LLOYD STRAITT,<br><br>    Plaintiff,<br><br>vs.<br><br>SUSAN STRAITT,<br><br>    Defendant. | No. C06-3036-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON MOTION TO DISMISS** |

      This matter is before the court on the defendant's motion (Doc. No. 9) to dismiss for lack of personal jurisdiction or, alternatively, for the plaintiff's failure to serve the Complaint within the time allowed by the Federal Rules of Civil Procedure. The plaintiff, acting *pro se*, filed this action on June 2, 2006, alleging the defendant violated his civil rights and "conspired with and engaged others" to violate his civil rights "under color of both state and federal law." (*See* Doc. No. 1) The defendant, also *pro se*, has entered her appearance in the case specially for the purpose of contesting the court's jurisdiction over her. (*See* Doc. No. 8) She filed the pending motion on December 15, 2006. The plaintiff filed a resistance on December 22, 2006. (Doc. No. 12) On January 4, 2007, pursuant to the court's order, the plaintiff supplemented his resistance with an exhibit that was missing from his resistance. (Doc. No. 15; *see* Doc. No. 14) The motion is now fully submitted.

      The defendant asserts that she has no contacts whatsoever with the State of Iowa. She lives in Massachusetts, and has never visited Iowa. She claims this case arises from the plaintiff's anger at actions the defendant has taken subsequent to the parties' divorce to collect past-due child support from the plaintiff.

      In analyzing whether a court has personal jurisdiction over a nonresident defendant, the court ordinarily must determine, first, whether jurisdiction is appropriate under Iowa's

long-arm statute. If so, then the court considers whether the nonresident defendant has sufficient minimum contacts with the forum state such that the court's exercise of jurisdiction over the defendant would satisfy the requirements of due process. However, as Judge Mark W. Bennett held in *Pro Edge, L.P. v. Gue*, 374 F. Supp. 2d 711 (N.D. Iowa 2005), because Iowa Rule of Civil Procedure 1.306[1] "has been interpreted to confer jurisdiction to the fullest extent permitted by the due process clause, the personal jurisdiction inquiry here collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Pro Edge*, 374 F. Supp. 2d at 725 (citations omitted).

"The burden to establish a prima facie case of personal jurisdiction is on the party asserting jurisdiction[.]" *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006). *See id.*, 444 F.3d at 955 (same, citing *Epps v. Steawrt Information Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003)). The "constitutional touchstone" is whether the plaintiff has established that the defendant has sufficient minimum contacts with Iowa to justify the exercise of personal jurisdiction over the defendant without offending "traditional notions of fair play and substantial justice." *Pro Edge*, 374 F. Supp. 2d at 725 (citations omitted).

Here, the plaintiff alleges the defendant has the requisite minimum contacts with the State of Iowa to subject her to the court's jurisdiction. Specifically, the plaintiff claims that while he has been an Iowa resident, he and the defendant entered into a written agreement requiring the plaintiff to purchase insurance on his life, naming the defendant as the sole beneficiary. The plaintiff claims he purchased the insurance pursuant to the agreement. The plaintiff further claims that actions initiated against him by the defendant,

---

[1]Iowa Rule of Civil Procedure 1.306 (2004) embodies Iowa's long-arm authority. The rule provides that every individual who has minimum contacts with the State of Iowa is subject to the jurisdiction of the state's courts "in every case not contrary to the provisions of the Constitution of the United States."

"and carried out by third parties in Iowa on Defendant's behalf," have caused him damage, which "extend[s] personal jurisdiction over the Defendant." (Doc. No. 12, p. 2)

The court has reviewed the contract described by the plaintiff (Doc. No. 15), and the contract nowhere requires that either party perform any actions in the State of Iowa. The fact that the plaintiff may have been an Iowa resident at the time the parties entered into the contract is irrelevant; he could have purchased the insurance anywhere. Simply stated, the plaintiff has offered no evidence that the defendant has *any* contacts with the State of Iowa, much less the minimum contacts required to establish the court's jurisdiction over her. The plaintiff's conclusory allegations are insufficient to support his assertion of jurisdiction under the due process clause. *See Johnson*, 444 F.3d at 956.

The undersigned therefore respectfully recommends, unless any party files objections[2] to this Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the defendant's motion to dismiss (Doc. No. 9) be **granted**.

**IT IS SO ORDERED.**

**DATED** this 8th day of January, 2007.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2]Objections must specify the parts of the report and recommendation and portions of the record to which objections are made. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).