# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

ROBERT LLOYD STRAITT,

    Plaintiff,

vs.

SUSAN STRAITT,

    Defendant.

No. C 06-3036-MWB

**ORDER REGARDING REPORT AND RECOMMENDATION**

_____

In this action pursuant to 42 U.S.C. § 1983, the plaintiff asserts purported civil rights claims against his ex-wife arising from her attempts to enforce terms of their divorce decree through courts and law enforcement officers in this and other states. In a Motion to Dismiss (docket no. 9), filed December 15, 2006, challenging personal jurisdiction of this court, the defendant asserts that she is a resident of Massachusetts, that she has never been in Iowa, and that she has no other contacts with Iowa. This action comes before the court pursuant to the January 8, 2007, Report and Recommendation by United States Magistrate Judge Paul A. Zoss (docket no. 16) recommending that this action be dismissed for lack of personal jurisdiction over the defendant. No timely objections to the Report and Recommendation have been filed.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In this case, no party made any timely objections to the December 8, 2007, Report and Recommendation, and the deadline for any such objections is now long expired. Therefore, the court will apply only "plain error" review. *Id.* The court finds no "plain error" in Judge Zoss's conclusions that the plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the defendant, where the defendant has no contacts with the State of Iowa, much less the minimum contacts required to establish the court's personal jurisdiction over the defendant, and that the plaintiff's conclusory allegations to the contrary are not sufficient. More specifically, a contract between the parties requiring the plaintiff to obtain life insurance naming the defendant as the beneficiary did not require performance in Iowa, and even if it was performed in Iowa, the "contact" created by that contract was too remote in time and lacked sufficient relationship to the present dispute to

establish personal jurisdiction over the plaintiff. *See Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006).

THEREFORE, the January 8, 2007, Report and Recommendation by United States Magistrate Judge Paul A. Zoss (docket no. 16) is **accepted**, and the defendant's December 15, 2006, Motion To Dismiss (docket no. 9), asserting lack of personal jurisdiction, is **granted**. This action is, consequently, **dismissed in its entirety** pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des    1/29/07